## GREENLEAF v FALLS LUMBER CO et

Ohio Appeals, 9th Dist, Summit Co

No 2009. Decided March 1, 1932

Nelan & Walsh, Akron, for plaintiff in error.

Motz & Morriss, Cuyahoga Falls, for defendant in error, The Falls Lumber Company.

WASHBURN, J.

In said decree the court did not render a judgment against any of the parties to the suit for the costs of the suit; but assuming, without deciding, that, upon seasonable application therefor, the court had authority, under §11628 GC, to award and tax the costs and apportion them between the parties as it judged to be right and equitable, and assuming, without deciding, that the motion filed at a term subsequent to the entry of the decree was such an application and was seasonably made, still, as the record does not

disclose what portion of said costs were incurred by the respective parties, nor what part of said costs accrued at the time of the decree, nor what part of the costs were incurred upon the order of sale thereafter issued, we have no means of determining that the court should have made an apportionment as asked for in said motion, instead of following the method usual in foreclosure actions. A mortgagee's lien is subject to the costs and expense of enforcing the same, and in this case the senior mortgagee acquired his lien subject to the provisions of the statute authorizing such a sale as was made in this case, and, in his cross-petition, he aked that such expense be incurred.

As to so much of the expense as was incurred in enforcing the senior mortgagee's lien, he cannot be heard to complain, and we cannot ascertain from the record that any considerable part of the costs was not such expense, and we cannot say that the court erred in overruling said motion.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.